UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHELLE SANTOPIETRO,

Plaintiff(s),

v.

LAS VEGAS POLICE DEPARTMENT OFFICERS C. HOWELL, (BADGE 9634) AND CRAWFORD (BADGE 10050),

Defendant(s).

Case No. 2:12-cv-01648-JCM-PAL

ORDER

Presently before the court is plaintiff Michele Santopietro's (hereinafter "plaintiff") motion to retax costs. (Doc. # 64). Defendants Howell, Crawford, and Lopez-Rosende (hereinafter "defendants") filed a response, (doc. # 66), and plaintiff filed a reply, (doc. # 67).

**I.   Background**

Plaintiff works as an actress and street performer on the Las Vegas strip. On May 28, 2011, plaintiff and a fellow street performer were arrested by defendants for doing business without a license in violation of Clark County Municipal Code § 06.56.030.

Defendants were working as plain-clothes enforcement officers. Plaintiff's companion solicited tips from defendants, who then arrested plaintiff and her companion. Plaintiff was held in custody for approximately one day, and the charges against plaintiff were ultimately dropped.

Plaintiff then filed the instant lawsuit seeking civil damages for unlawful arrest. On June 16, 2014, the court granted defendants' motion for summary judgment. (Doc. # 55). The court found that defendants had probable cause to arrest plaintiff. (Doc. # 55).

The court reasoned that the actions of plaintiff and her partner indicated that a tip was mandatory. (Doc. # 55). This amounted to an offer to perform a service in exchange for compensation, a violation of Clark County Municipal Code § 6.56.030. (Doc. # 55). Because

**James C. Mahan**
**U.S. District Judge**

1  defendants had probable cause to arrest plaintiff, the court found that plaintiff's constitutional
2  rights were not violated.  (Doc. # 55).

3  On June 16, 2014, the clerk entered judgment in favor of defendants.  (Doc. # 56).  On
4  July 19, 2014, defendants filed a bill of costs, (doc. # 57), to which plaintiff timely objected on
5  July 1, 2014, (doc. # 58).  On October 7, 2014, the clerk taxed costs in the amount of $6,061.20
6  against plaintiff, (doc. # 62), and issued a memorandum of costs taxed, (doc. # 63).

7  On October 16, 2014, plaintiff filed the instant motion to retax costs pursuant to Local
8  Rule 54-14.  (Doc. # 66).

## II.   Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  *Assoc. of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

However, "the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).  In granting a motion to retax, the "district court must specify reasons for its refusal to award costs."  *Assoc. of Mex.-Am. Educators*, 231 F.3d at 591 (citation and quotation marks omitted).

"Although a district court must specify reasons for its *refusal* to tax costs to the losing party, we have never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party."  *Save Our Valley*, 335 F.3d at 945 (citations and quotation marks omitted) (emphasis in original).

The Ninth Circuit has denied costs on the grounds of "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants."  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citation and quotation marks omitted).  In assessing the appropriateness of costs, other circuits have also considered whether the losing party litigated in good faith.  *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014) (citation and quotation marks omitted). However, as a general rule, even "a plaintiff proceeding *in forma pauperis* is not protected from the taxation of costs to which a prevailing defendant is entitled." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

The federal rules provide that "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Similarly, Local Rule 54-14 specifies that a motion to retax under Rule 54(d) "shall be filed and served within seven (7) days after receipt of the notice [of the clerk's taxation of costs]." LR 54-14.

**III.   Discussion**

Defendants first argue that plaintiff's motion to retax costs is time-barred because it was filed two days late. (Doc. # 66). The court finds that plaintiff's failure to file the instant motion within the seven day period required by Local Rule 54-14 resulted from excusable neglect. Accordingly, the court will not deny the motion on these grounds.

Plaintiff moves to retax costs on the grounds of financial hardship. (Doc. # 64). Plaintiff first presented this argument for denying costs in her objection to defendants' bill of costs. (Doc. # 58). In his memorandum to tax costs, the clerk noted this objection, but relied on Local Rule 54-1(a)'s provision that "[u]nless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs . . . ." LR 54-1(a).

Plaintiff states in her motion that her yearly income is barely above federal poverty levels. (Doc. # 64). In 2013, plaintiff's gross income was $12,539. (Doc. # 64-1). Plaintiff represents that she owns no real property, has "almost no savings," has a bank account balance of under $300, and has an outstanding medical bill for over $2,500 that she is currently unable to pay. (Doc. # 64-1).

Plaintiff states that her only property interest is a 2005 Volkswagen Jetta, which she co-owns and needs for work. (Doc. # 64-1). Plaintiff earns income irregularly for her work as an

James C. Mahan
U.S. District Judge

- 3 -

1 actress and performer.  (Doc. # 64-1).  As a result, plaintiff argues that she is unable to pay costs
2 and that "[t]he imposition of any costs in this case would devastate her financially."  (Doc. # 64).

3       Plaintiff contends that she brought her claim in good faith based on the standard set forth
4 in *Berger v. City of Seattle*, 569 F.3d 1029, 1050 (9th Cir. 2009) (establishing that the First
5 Amendment protects speech soliciting funds).  Plaintiff further argues that imposing costs will
6 deter future civil rights litigants from bringing similar claims.  (Doc. # 64).  Defendants respond
7 that plaintiff's motion should be denied because her representations of financial hardship are
8 unsubstantiated.  (Doc. # 66).

9       Pursuant to the legal standard above, the court has discretion whether to retax costs.  In
10 cases where the plaintiff's case was "substantially meritorious" and brought in good faith, other
11 courts in this district have reduced costs.  *See Coulter v. Newmont Gold Co.*, 873 F. Supp. 394,
12 398 (D. Nev. 1994) (reducing cost award from $6,720.58 to $4,200 where plaintiff proved
13 hostile work environment but failed to show proximate cause, had limited resources, and
14 demonstrated clear financial disparity between herself and corporate defendant).

15       The court finds that plaintiff's limited financial resources warrant a reduction of costs.
16 While plaintiff is not completely indigent, she has provided sufficient evidence that her financial
17 situation is strained and her income inconsistent.  The court believes that plaintiff's medical
18 debts and lack of substantial savings or property would render her unable to pay the full amount
19 of costs taxed.

20       Courts seek an equitable level in taxing costs.  Because plaintiff's claim was not brought
21 in bad faith and in light of her financial circumstances, the court will reduce the cost award in
22 this case from $ 6,061.20 to $2,000.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to retax costs, (doc. # 64), be, and the same hereby is, GRANTED. The clerk's taxation of costs, (doc. # 62), is hereby VACATED, and costs are taxed against plaintiff in the amount of $2,000.

DATED December 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**