UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELE SANTOPIETRO,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>LAS VEGAS POLICE DEPARTMENT OFFICERS C. HOWELL, (Badge 9634), F. LOPEZ-ROSENDE (Badge 8864), and K. CRAWFORD (Badge 10050),<br><br>　　　　　　　　　Defendant(s). | Case No. 2:12-CV-1648 JCM (PAL)<br><br>ORDER |

　　　　Presently before the court is the matter of *Santopietro v. Howell et al.*, case number 2:12-cv-01648-JCM-PAL. This case was recently remanded from an appeal to the Ninth Circuit and the court now addresses the Ninth Circuit's mandate. (ECF Nos. 75, 76).

　　　　On September 19, 2012, plaintiff Michele Santopietro initiated this civil rights action against defendants Clayborn Howell, Christine Crawford, and Francisco Lopez-Rosende. (ECF No. 1).

　　　　On December 9, 2013, defendants filed a motion for summary judgment (ECF No. 44), and plaintiff filed a motion for partial summary judgment (ECF No. 45). The court granted defendants' motion and denied plaintiff's motion. (ECF No. 55).

　　　　Plaintiff timely appealed the court's order. (ECF No. 59). On May 24, 2017, the Ninth Circuit reversed the court's grant of summary judgment in favor of defendants. (ECF No. 69). Plaintiff then filed a petition for panel rehearing and for rehearing en banc, asking the Ninth Circuit to grant her partial summary judgment. (*See* ECF No. 71).

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit has now denied plaintiff's petitions for rehearing and issued an amended order. (ECF No. 76). The order on mandate was entered on October 13, 2023. (ECF No. 75). The Ninth Circuit remands the case and instructs this court to resolve—by trial—the factual disputes persisting in the record and then to resolve certain issues of law.[1] (ECF No. 75, at 25).

Accordingly,

IT IS HEREBY ORDERED that the court's order granting defendants' motion for summary judgment and denying plaintiff's motion for partial summary judgment (ECF No. 55) be VACATED.

IT IS FURTHER ORDERED that the parties must file a JOINT STATUS REPORT, or in the alternative, a JOINT PRETRIAL ORDER in accordance with Local Rule 16-3 and FRCP 26(a)(3), within fourteen (14) days of this order.

The clerk is instructed to reopen the case for further proceedings.

DATED October 18, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "On remand to the district court to review the validity of Santopietro's arrest under the appropriate First Amendment constraints, the district court—by a jury trial, of course, if properly requested—should first resolve the factual dispute concerning whether Santopietro made the statement regarding deletion of the photo. If she did, the trier of fact should additionally resolve the factual disputes as to the nature of her statement and then determine whether Santopietro's actions demonstrate a quid-pro-quo offer for services properly subject to analysis as a sale of her performance. If so, the district court should decide whether the licensing requirement under Clark County Code § 6.56.030 is a valid time, place, or manner restriction as applied to the facts as determined." (ECF No. 75, at 25).

**James C. Mahan**
**U.S. District Judge**