Kelly H. Dove, Esq.
Nevada Bar No. 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: kdove@swlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michele Santopietro, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>Las Vegas Police Department Officers C. Howell (Badge 9634), F. Lopez-Rosende (Badge 8864), and K. Crawford (Badge 10050),<br><br>Defendants. | CASE NO.  2:12-cv-01648-JCM-EJY<br><br>**JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case, **IT IS ORDERED:**

**I.**

**NATURE OF THE ACTION AND RELIEF SOUGHT**

This case arises out of the arrest of Plaintiff Michele Santopietro ("Santopietro") and Lea Patrick ("Patrick") in May 2011 by Defendants Clayborn Howell, Christine Crawford, and Francisco Lopez-Rosende (collectively, the "Officers") for doing business without a license. (ECF No. 55 at 1.)

Specifically, Santopietro and Patrick were in costume on the Las Vegas Strip as police characters.  Like other street performers there, they were working for tips, typically given by passersby who approached them and asked to be photographed with them.  The Officers were running a plainclothes operation in which they approached street performers, among others, to

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

evaluate their conduct.  In this case, Howell agreed up front to tip, indicating before posing for a picture with the performers that he understood and agreed that the performers worked for tips.  The Officers all agree that they were lying to the extent they promised a tip, and that lying this way is entirely proper since they are law officers.  Howell got the picture he wanted and for which he agreed to pay, and walked off.  After Patrick reminded Howell of his prior agreement to tip, the Officers arrested them both for doing business without a license.  Santopietro sued the Officers under 42 U.S.C. § 1983 asserting that the arrest violated the First Amendment and other rights under the United States and Nevada constitutions.  (ECF No. 29.)  Santopietro seeks damages for what she contends was a wrongful arrest and imprisonment, the violation of her constitutional rights, and her attorneys' fees as provided for under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and any other applicable law.

**IDENTIFICATION OF PARTIES**

Plaintiff – Michele Santopietro

Defendants -- Clayborn Howell, Christine Crawford, and Francisco Lopez-Rosende

**CONTENTIONS OF PARTIES**

**Plaintiff's Contentions**

Plaintiff brought eleven causes of action: (1) Violation of the First Amendment to the United States Constitution under 42 U.S.C. § 1983 (Free Speech); (2) Violation of the First Amendment to the United States Constitution under 42 U.S.C. § 1983 (Free Speech); Violation of Nevada Constitution, Article 1, Section 9 (Free Speech); (4) Violation of the Fourth Amendment to the United States Constitution (Unreasonable Search and Seizure); (5) Violation of Nevada Constitution, Article 1, Section 18 (Unreasonable Search and Seizure); (6) Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Substantive Due Process); (7) Violation of Nevada Constitution, Article 1, Section 8 (Substantive Due Process); (8) Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Procedural Due Process); (9) Violation of Nevada Constitution, Article 1, Section 8 (Procedural Due Process); (10) Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983; and (11) Violation of Nevada Constitution, Article 1,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Section 1 (Equal Protection).  Plaintiff abandoned her Sixth, Eighth and Tenth Causes of Action.

Under 42 U.S.C. § 1983 (causes of action 1 and 2), a plaintiff must demonstrate that the defendant (1) acted under color of state law; and (2) deprived plaintiff of a constitutional right. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Police officers effecting an arrest as officers are "acting under the color of State law" for the purposes of Section 1983, even if the offending conduct was not authorized.  *See Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962).  Thus, there is no dispute that the Officers here were acting under the color of state law.

The Ninth Circuit's decision has significantly narrowed the issues for trial.  The Ninth Circuit held that if Santopietro did not demand deletion of the photo, her "undisputed statements and actions do not even arguably evidence a business transaction."

In other words, if the jury credits Santopietro's version of events, she necessarily prevails on the merits.  As the Ninth Circuit also held, even "[i]f Santopietro's words or actions demonstrated that she was selling her performance, the sale would still likely warrant First Amendment protection." But the "business" of selling protected expression can be "subject to reasonable time, place, or manner restrictions."  Determining whether Clark County Code § 6.56.030 as applied to a quid-pro-quo exchange of a photograph is a reasonable "time, place, or manner" restriction "requires an inquiry into whether the restriction: (1) is justified without reference to the content of the regulated speech; (2) is narrowly tailored to serve a significant governmental interest; and (3) leaves open ample alternative channels for communication of the information."  If the jury determines that Santopietro sold her performance by demanding tips, the Court must determine whether the licensing ordinance as applied to sales by, rather than voluntary tips to, a street artist is a valid time, place, or manner restriction.

Finally, Santopietro contends that she suffered damages as a result of her arrest and detention.

**Defendant's Contentions**

Defendants contend that the Plaintiff was properly arrested for violating Clark County Code 6.56.030, which generally requires that it is unlawful for a person to operate or conduct

3

1   business without first having procured a license for the business.  "Probable cause to arrest exists

2   when officers have knowledge or reasonably trustworthy information sufficient to lead a person of

3   reasonable caution to believe that an offense has been or is being committed by the person being

4   arrested." *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91

5   (1964).  Further, the Ninth Circuit has held that probable cause also exists "when

6   'under the totality of circumstances known to the arresting officers, a prudent person would have

7   concluded that there was a fair probability that [the defendant] had committed a crime.'" *Id.*

8   (quoting *U.S. v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986).  Conclusive evidence of guilt is not

9   required to establish probable cause, though "mere suspicion" is insufficient.  *Id.* (citing *McKenzie*

10   *v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).  The Plaintiff bears the burden of establishing the

11   absence of probable cause.  *Beck v. City of Upland*, 527 F.3d 853, 864 (9th Cir. 2008).

12       Defendants maintain probable cause was established to arrest Plaintiff and Patrick.

13   Defendants maintain Plaintiff demanded that the photograph that was taken with Howell by

14   Crawford be deleted after Howell refused to tip the women.  Plaintiff admitted she was aware it

15   was illegal to demand a tip for a picture and also admitted that Howell had started to walking away

16   from the women when the demands for the tip were made.

17       The Plaintiff was subject to the Code and, based upon the evidence presented, the officers

18   had probable cause to arrest the Plaintiff and Patrick for violation of Clark County Code 6.56.030.

19   The Defendants cannot be held liable for the arrest from a constitutional standpoint, as it has long

20   been held that law enforcement officers can make an arrest for a misdemeanor crime.  *See Caroll v*

21   *U.S.*, 267 U.S. 132, 156 (1925).  "If an officer has probable cause to believe that an individual has

22   committed even a very minor offence in his presence, he may, without violating the Fourth

23   Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)

24   (petitioner arrested for failure to wear seatbelt and failure to ensure child passengers' seatbelts were

25   fastened). Because probable cause existed to arrest the Plaintiff and Patrick, the Defendants had a

26   legal right to conduct a search of the women after their arrest (seizure).  *See U.S. v. Robinson*, 414

27   U.S. 218, 224 (1973).

28

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

The Defendants contend that they did not violate the Plaintiff's First Amendment rights as alleged.  A municipality may issue reasonable regulations governing the time, place or manner of speech.  _Berger v. City of Seattle_, 569 F.3d 1029, 1035-36 (9th Cir. 2001).  To pass constitutional muster, a time, place, or manner restriction must meet three criteria: (1) it must be content neutral; (2) it must be "narrowly tailored to serve a significant governmental interest"; and (3) it must "leave open ample alternative channels for communication of the information."  _Id._ at 1036.  In order to establish a claim for a violation of a First Amendment right, a plaintiff must prove the defendant "deterred or chilled" the plaintiff's speech and that "such deterrence was a substantial or motivating factor in [the defendant's] conduct."  _Menotti v. City of Seattle_, 409 F.3d 1113, 1155 (9th Cir. 2005).  The Supreme Court holds that even protected activities like solicitation "are subject to reasonable time, place, and manner restrictions."  _Village of Shaumburg v. Citizens for Better Environment_, 444 U.S. 620, 632 (1980).  Defendants contend that the Code was content neutral, served a significant governmental interest and was narrowly tailored to serve that interest(s).  Further, alternative channels of expressing First Amendment-protected speech were available.

## II.

## STATEMENT OF JURISDICTION

Jurisdiction in this case is based on 28 U.S.C. §1331.  Jurisdiction is not disputed.

## III.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1.     In 2009, other street performers sued Metro, some of its senior personnel, and other parties, seeking to prevent arrests of street performers in violation of the First Amendment. The parties in that case entered into a Memorandum of Understanding (hereinafter called "the MOU").

2.     The MOU – to which Metro agreed as a signatory by the same counsel who defends the Officers in this case and represents Metro as a third party in this case  – provides, in relevant part, that "the parties agree that":

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1.   The sidewalks and pedestrian bridges along Las Vegas Boulevard ("the Strip") constitute a traditional public forum for First Amendment purposes. *See Venetian Casino Resort, L.L.C. v. Local Joint Executive Bd. of Las Vegas*, 257 F.3d 937, 943 (9th Cir. 2001).

3.   The Ninth Circuit Court of Appeals has determined that street performing is expressive speech or expressive conduct protected under the First Amendment. *See Berger v. City of Seattle et al.*, 569 F.3d 1029 (9th Cir. 2009).

4.   Street performing, including the acceptance of unsolicited tips and the non-coercive solicitation of tips, is not a *per se* violation of any of the codes or statutes being challenged in this action.

6.   The entirety of Chapter 6 of the Clark County Code, the business licensing codes, as written, is inapplicable to the act of street performing.

3.   On May 28, 2011, the Officers were working as a three-person team patrolling the Strip together.

4.   The Officers engaged a variety of street performers that day, generally asking to take a picture with the performers.

5.   All three Officers were in plain clothes.

6.   Santopietro and Patrick were both arrested and detained.

7.   Plaintiff's misdemeanor charge was dismissed by the court.

**IV.**

### THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1.   On May 27, 2011, Santopietro traveled to Las Vegas to meet her friend, Lea Patrick, so that the two could perform as characters on the Las Vegas Strip.

2.   The two traveled together to Las Vegas three times before May 27, 2011, and they had engaged in street performances during those trips. During their street performances together, Michele and Lea performed in police officer costumes.

3.   Michele and Lea's trip on the weekend of May 28, 2011 was the fourth time they acted as street performers together in Las Vegas, and, up until that trip, Santopietro had never

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

encountered any problems with law enforcement in Las Vegas or Los Angeles.

4.      On May 28, 2011, Ms. Santopietro had been on the Strip as her sexy cop character with Ms. Patrick for about forty minutes before the Officers approached them.

5.      After the exchange about the photo and lack of a tip, one of the Officers handcuffed Patrick and subsequently, one of the Officers handcuffed Santopietro.

**V.**

**THE FOLLOWING ARE THE ISSUES OF FACT
TO BE DETERMINED AT TRIAL**

1.      Whether Santopietro (as opposed to Patrick) made the statement regarding the deletion of the photo, i.e., asking Crawford to delete the photograph if Howell did not like it, or demanding that she do so if the Officers refused to provide a tip.

2.      If Santopietro did make the statement regarding the deletion of the photo, the factfinder must determine whether the nature of her statement and her actions demonstrated a quid-pro-quo offer for services.

3.      The amount of damages, if any, resulting from the actions of the Officers.

**VI.**

**THE FOLLOWING ARE THE ISSUES
OF LAW TO BE DETERMINED AT TRIAL**

1.      If the jury finds that Santopietro did not make any statement regarding the deletion of the photo, no further legal analysis is necessary.

2.      If the jury finds that Santopietro made the statement regarding the deletion of the photo and determines that the nature of her statement and her actions demonstrated a quid-pro-quo offer for services the Court must determine whether the licensing requirement under Clark County Code § 6.56.030 is a valid time, place, or manner restriction as applied to the facts as determined.

**VII.**

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**(b) As to the following additional exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**(1) Set forth the plaintiff's exhibits and objections to them.**

| | | | | |
|---|---|---|---|---|
| SAN000006 | SAN000006 | 6/6/2011 | Email from M. Santopietro to Detective Reinink of LVMPD clarifying statements made in regards to the complaint | |
| SAN000007 | SAN000007 | 6/6/2011 | Email from M. Santopietro to the Clark County District Attorney's Office re copy of Statement of Complaint | |
| SAN000008 | SAN000008 | 6/6/2011 | Email from T. Driver of the Clark County District Attorney's Office to M. Santopietro acknowledging receipt of statement of complaint | |
| SAN000009 | SAN000011 | 6/7/2011 | Email from T. Driver to M. Santopietro re complaints versus charges | |
| SAN000012 | SAN000013 | 6/7/2011 | Email from C. Reinink to M. Santopietro re department telephone numbers and filing a report for criminal charges | |
| SAN000014 | SAN000015 | 6/8/2011 | Email from M. Santopietro to C. Reinink re department telephone numbers and filing a report for criminal charges | |
| SAN000016 | SAN000018 | 6/8/2011 | Email from M. Santopietro to T. Driver re filing charges against | |

| | | | | |
|---|---|---|---|---|
| | | | police officers | |
| SAN000019 | SAN000021 | 7/6/2011 | Email from M. Santopietro to C. Reinink re business license codes | |
| SAN000022 | SAN000028 | | Summary of Incident by M. Santopietro | Objection: Hearsay |
| SAN000029 | SAN000029 | 6/14/2011 | Criminal Complaint filed with Justice Court, Las Vegas Township | |
| SAN000030 | SAN000031 | 5/28/2011 | Declaration of Arrest of M. Santopietro | |
| SAN000032 | SAN000033 | 5/28/2011 | Declaration of Arrest of L. Patrick | |
| SAN000034 | SAN000039 | 2/4/2010 | Interim Stipulated Memorandum of Understanding filed in the Banasik v. Clark County, Nevada, et al. federal case | |
| SAN000040 | SAN000074 | 7/21/2009 | First Amended Complaint filed in the Banasik v. Clark County, Nevada, et al. federal case | |
| SAN000075 | SAN000078 | 7/10/2009 | Article from ReviewJournal.com entitled "Buskers Sue to Keep Space on Strip" | Objection: Hearsay; Relevance |
| SAN000079 | SAN000081 | 7/7/2012 | Article from ReviewJournal.com entitled "Push to Clean Up Strip Ensnares Disabled Man" | Objection: Hearsay; Relevance |
| SAN000082 | SAN000105 | | SEE PRIVILEGE LOG | |
| SAN000106 | SAN000108 | | Summary of Injuries prepared by Michele Santopietro | Objection: Impermissible Expert Evidence/Testimony; Hearsay |
| SAN000109 | SAN000112 | | Pictures of handcuff bruising after arrest | Objection: Authentication |

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Snell & Wilmer
— L.L.P. —
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

| | | | | |
|---|---|---|---|---|
| SAN000113 | SAN000117 | | Transportation Receipts from Michele Santopietro | |
| SAN000118 | SAN000118 | 4/11/2011 | Colonoscopy Results showing presence of diverticulum | Objection: Authentication; Hearsay; Impermissible Expert Evidence/Testimony |
| SAN000119 | SAN000119 | | IBS Symptoms | Objection: Authentication; Hearsay; Impermissible Expert Evidence/Testimony |
| SAN000120 | SAN000120 | 6/15/2011 | Letter from D. Campbell, Lieutenant Commander Detectives, NYPD (ret.) | Objection: Hearsay; Authentication; Relevance |
| SAN000121 | SAN000121 | 7/22/2011 | Letter from L. Patrick re Business card, email address and Facebook page | Objection: Hearsay; Authentication |
| SAN000122 | SAN000122 | 6/3/2011 | Clark County Municipal Code 6.56.010 and 6.56.030 | |
| SAN000123 | SAN000128 | 8/25/2009 | LVMPD Defendants' Answer to Plaintiff's Amended Complaint in Banasik v. Clark County, Nevada, et al. | |
| SAN000129 | SAN000148 | 9/14/2009 | Masto's (Attorney General) Answer to First Amended Complaint in Banasik v. Clark County, Nevada, et al. | |
| SAN000149 | SAN000223 | 10/15/2013 | Email correspondence between Nick Crosby and LVMPD 30(b)(6) witnesses, sent from Jessica Austin to Andrew Jacobs on 10/15/2013 | Objection: Hearsay; Relevance |

| | | | | |
|---|---|---|---|---|
| SAN000224 | SAN000258 | 10/16/2013 | Attachments to email correspondence between Nick Crosby and LVMPD 30(b)(6) witnesses, sent from Jessica Austin to Andrew Jacobs on 10/16/2013 | Objection: Hearsay; Relevance |
| SAN000259 | SAN000265 | 5/3/2013 | Medical records from Media District Chiropractic | Objection: Hearsay; Authentication; Impermissible Expert Evidence/Testimony |
| SAN000266 | SAN000295 | 5/21/2013 | Medical records from West Gastroenterology Medical Group | Objection: Hearsay; Authentication; Impermissible Expert Evidence/Testimony |
| | | | Answer to Plaintiff's Second Amended Complaint | |
| LVMPD 00001 | | | Audio CD | |
| LVMPD 0002 | LVMPD 0003 | | Officer's Report (Incident Recall) | |
| LVMPD 0004 | LVMPD 0005 | | Officer's Report (Patrick) | |
| LVMPD 0006 | LVMPD 0006 | | Property Report | |
| LVMPD 0007 | LVMPD 0008 | | Arrest Report | |
| LVMPD 0009 | LVMPD 0010 | | Arrest Report (Santopietro) | |
| LVMPD 0011 | | | Detention Services Booking Voucher (Patrick) | |
| LVMPD 0012 | | | Detention Services Booking Voucher (Santopietro) | |
| LVMPD 0013 | LVMPD 0014 | | Declaration of Arrest (Patrick) | |
| LVMPD 0015 | LVMPD 0016 | | Declaration of Arrest (Santopietro) | |
| LVMPD 0017 | LVMPD 0018 | | Disposition Notices | |
| LVMPD 0019 | | | Temporary Custody Record | |
| LVMPD 0020 | | | Temporary Custody Record (Santopietro) | |
| LVMPD 0021 | | | Photograph | |
| LVMPD 0022 | LVMPD 0027 | | Interim Stipulated | |

| | | | | |
|---|---|---|---|---|
| | | | MOU | |
| | LVMPD 0028 | | LVMPD Citizen Review Board Screening Panel Findings | |
| | | | Howell's Response to Plaintiff's First RFP | |
| | | | Howell's Response to Plaintiff's Second RFP | |
| | | | Howell's Response to Plaintiff's First Interrogatories | |
| | | | Howell's Response to Plaintiff's Second Interrogatories | |
| | | | Howell's Response to Plaintiff's Third Interrogatories | |
| | | | Howell's Response to Plaintiff's First Requests for Admission | |
| | | | Howell's Response to Plaintiff's Second Requests for Admission | |
| | | | Howell's Response to Plaintiff's Third Requests for Admission | |
| | | | Crawford's Response to Plaintiff's First RFP | |
| | | | Crawford's Response to Plaintiff's Second RFP | |
| | | | Crawford's Response to Plaintiff's First Interrogatories | |
| | | | Crawford's Response to Plaintiff's Second Interrogatories | |
| | | | Crawford's Response to Plaintiff's Third Interrogatories | |
| | | | Crawford's Response | |

| | | | | |
|---|---|---|---|---|
| | | | to Plaintiff's First Requests for Admission | |
| | | | Crawford's Response to Plaintiff's Second Requests for Admission | |
| | | | Crawford's Response to Plaintiff's Second Requests for Admission | |
| | | | Lopez-Rosende's Response to Plaintiff's First RFP | |
| | | | Lopez-Rosende's Response to Plaintiff's Second RFP | |
| | | | Lopez-Rosende's Plaintiff's First Interrogatories | |
| | | | Lopez-Rosende's Response to Plaintiff's Second Interrogatories | |
| | | | Lopez-Rosende's Response to Plaintiff's Third Interrogatories | |
| | | | Lopez-Rosende's Response to Plaintiff's First Requests for Admission | |
| | | | Lopez-Rosende's Response to Plaintiff's Second Requests for Admission | |
| | | | Lopez-Rosende's Response to Plaintiff's Third Requests for Admission | |

Any exhibit listed by Defendants.

**(2) Set forth the defendant's exhibits and objections to them.[1]**

| Bates | Bates | Description | Pls. Objection |
|---|---|---|---|
| LVMPD (Santopietro) 1 | LVMPD (Santopietro) 1 | Audio CD – Phone and Radio | **Hearsay** |
| LVMPD (Santopietro) 2 | LVMPD (Santopietro) 3 | Incident Recall, 9/24/12 | |
| LVMPD (Santopietro) 4 | LVMPD (Santopietro) 5 | Officer's Report – Patrick | |
| LVMPD (Santopietro) 6 | LVMPD (Santopietro) 6 | Property Report | |
| LVMPD (Santopietro) 7 | LVMPD (Santopietro) 8 | Arrest Report (Patrick) | -- |
| LVMPD (Santopietro) 9 | LVMPD (Santopietro) 10 | Arrest Report - Santopietro | -- |
| LVMPD (Santopietro) 11 | LVMPD (Santopietro) 11 | DSD Booking Voucher (Patrick) | -- |
| LVMPD (Santopietro) 12 | LVMPD (Santopietro) 12 | DSD Booking Voucher (Santopietro) | -- |
| LVMPD (Santopietro) 13 | LVMPD (Santopietro) 14 | Dec. of Arrest (Patrick) | -- |
| LVMPD (Santopietro) 15 | LVMPD (Santopietro) 16 | Dec. of Arrest (Santopietro) | -- |
| LVMPD (Santopietro) 17 | LVMPD (Santopietro) 18 | Disposition Notices for SCOPE Data Entries | Relevance |
| LVMPD (Santopietro) 19 | LVMPD (Santopietro) 19 | Temporary Custody Record (Patrick) | |
| LVMPD (Santopietro) 20 | LVMPD (Santopietro) 20 | Temporary Custody Record (Santopietro) | |
| LVMPD (Santopietro) 21 | LVMPD (Santopietro) 21 | Photograph | |
| LVMPD (Santopietro) 22 | LVMPD (Santopietro) 27 | MOU, Docket No. 45, Case No. 2:09-cv-01242-LDG-GWF | |
| LVMPD (Santopietro) 28 | LVMPD (Santopietro) 28 | Citizens Review Board Screening Panel Findings | -- |
| LVMPD (Santopietro) 29 | LVMPD (Santopietro) 29 | Memo from Citizens Review Board | |
| LVMPD (Santopietro) 30 | LVMPD (Santopietro) 32 | Letters from CRB to Howell, Crawford and Roberts | |
| LVMPD (Santopietro) 33 | LVMPD (Santopietro) 33 | Letter from CRB to Santopietro | |
| LVMPD (Santopietro) 34 | LVMPD (Santopietro) 38 | June 21, 2011 email to CRB | |

[1] Plaintiff reserves all rights to assert all applicable objections to Defendants' exhibits, in addition to those asserted herein.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

| | | | |
|---|---|---|---|
| LVMPD (Santopietro) 39 | LVMPD (Santopietro) 42 | CRB Request | |
| LVMPD (Santopietro) 43 | LVMPD (Santopietro) 43 | June 16 Letter from Gillespie to Santopietro | Hearsay |
| LVMPD (Santopietro) 44 | LVMPD (Santopietro) 49 | Statement of Complaint | |
| LVMPD (Santopietro) 50 | LVMPD (Santopietro) 53 | June 1, 2011 Email from LVMPDforms@www.lvmpd.com | Hearsay |
| LVMPD (Santopietro) 54 | LVMPD (Santopietro) 55 | Incident Recall | |
| LVMPD (Santopietro) 56 | LVMPD (Santopietro) 57 | Arrest Report (Patrick) | Hearsay |
| LVMPD (Santopietro) 58 | LVMPD (Santopietro) 58 | DSD Booking Voucher (Patrick) | |
| LVMPD (Santopietro) 59 | LVMPD (Santopietro) 59 | Photograph with Charges Sheet | |
| LVMPD (Santopietro) 60 | LVMPD (Santopietro) 61 | Dec. of Arrest (Patrick) | |
| LVMPD (Santopietro) 62 | LVMPD (Santopietro) 62 | TCR (Patrick) | |
| LVMPD (Santopietro) 63 | LVMPD (Santopietro) 63 | Photograph | |
| LVMPD (Santopietro) 64 | LVMPD (Santopietro) 65 | DSD Voucher (Santopietro) | |
| LVMPD (Santopietro) 66 | LVMPD (Santopietro) 67 | Arrest Report (Santopietro) | |
| LVMPD (Santopietro) 68 | LVMPD (Santopietro) 68 | Photo with Charges Sheet | |
| LVMPD (Santopietro) 69 | LVMPD (Santopietro) 70 | Dec. of Arrest (Santopietro) | |
| LVMPD (Santopietro) 71 | LVMPD (Santopietro) 71 | TCR (Santopietro) | |
| LVMPD (Santopietro) 72 | LVMPD (Santopietro) 72 | DSD Booking Voucher | |
| LVMPD (Santopietro) 73 | LVMPD (Santopietro) 73 | Unit Log by Incident | |
| LVMPD (Santopietro) 75 | LVMPD (Santopietro) 75 | Municode 6.56.010 Definitions | |
| LVMPD (Santopietro) 76 | LVMPD (Santopietro) 76 | June 7, 2011 Email from Reinink to Santopietro | |
| LVMPD (Santopietro) 77 | LVMPD (Santopietro) 77 | TCR (Santopietro) | |
| LVMPD (Santopietro) 78 | LVMPD (Santopietro) 78 | DSD Booking Voucher | |
| LVMPD (Santopietro) 79 | LVMPD (Santopietro) 80 | CCDC Property Transaction Report | |

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

| | | | |
|---|---|---|---|
| LVMPD (Santopietro) 81 | LVMPD (Santopietro) 81 | OR Release Form | |
| LVMPD (Santopietro) 82 | LVMPD (Santopietro) 82 | Locator Identifier Card | |
| LVMPD (Santopietro) 83 | LVMPD (Santopietro) 84 | Screening Checklist | |
| LVMPD (Santopietro) 85 | LVMPD (Santopietro) 85 | Information Sheet | |
| LVMPD (Santopietro) 87 | LVMPD (Santopietro) 87 | Charge Information (Santopietro) | |
| LVMPD (Santopietro) 88 | LVMPD (Santopietro) 98 | NaphCare Documents | |
| LVMPD (Santopietro) 99 | LVMPD (Santopietro) 99 | LVMPD Institutional Trust Account | Hearsay; relevance |
| LVMPD (Santopietro) 100 | LVMPD (Santopietro) 100 | CCDC Release Statement | |
| LVMPD (Santopietro) 101 | LVMPD (Santopietro) 101 | Inmate Assessment | |
| LVMPD (Santopietro) 141 | LVMPD (Santopietro) 149 | CCAC Employee Roster | |
| LVMPD (Santopietro) 169 | LVMPD (Santopietro) 171 | October 2, 2012 Email Correspondence with CC Business License | Hearsay; relevance |
| LVMPD (Santopietro) 172 | LVMPD (Santopietro) 173 | November 19, 2012 email Correspondence with CC Ordinance Sheet | Hearsay; relevance |
| LVMPD (Santopietro) 174 | LVMPD (Santopietro) 176 | October 31, 2012 Email with CC Ordinance | Hearsay; relevance |
| LVMPD (Santopietro) 177 | LVMPD (Santopietro) 182 | October 23, 2012 Email Correspondence with Proposed Ordinance | Hearsay; relevance |
| LVMPD (Santopietro) 184 | LVMPD (Santopietro) 187 | August 14, 2012 Email Correspondence regarding Promoters with CC Business Licenses | Hearsay; relevance |
| LVMPD (Santopietro) 188 | LVMPD (Santopietro) 188 | CC Ordinances regarding Animals, Business Licenses and Dangerous Items | |
| LVMPD (Santopietro) 189 | LVMPD (Santopietro) 197 | Strip Corridor Pedestrian Conduct PowerPoint | |

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

| LVMPD (Santopietro) 208 | LVMPD (Santopietro) 213 | Safe Strip Briefing 2011 PowerPoint | |
|---|---|---|---|
| LVMPD (Santopietro) 324 | LVMPD (Santopietro) 327 | 5/202.04 – Misdemeanor Citation and/or Arrest Policy | |
| | | Plaintiff's Responses to Howell's First Request for the Production of Documents | |
| | | Plaintiff's Responses to Howell's Second Request for the Production of Documents | |
| | | Plaintiff's Answers to Howell's First Set of Interrogatories | |
| | | Plaintiff's Answers to Howell's Second Set of Interrogatories | |
| | | | |
| | | | |

**(c) Electronic evidence:**

The parties do not intend to present electronic evidence for purposes of jury deliberations.

**(d) Depositions:**

**(1) Plaintiff will offer the following depositions (except for impeachment purposes):**

(a) Lea Patrick

If Ms. Patrick does not appear in person, Plaintiff intends to offer the following portions of her deposition transcript against all three Defendants:  6:15-7:12; 7:1-9; 9:4-17; 9:20-10:23; 11:4-10; 11: 21-22; 13:3-17:3; 17:5; 17:7-18:6; 18:17-20:16; 20:18-21:13: 22:4-26:7; 26:11-29:2; 29:10-21; 29:24-33:21; 33:23-34:20; 36:23-37:2; 37:4-5; 37:7-38:21; 42:2-7; 48:22-53:8; 53:17; 53:22-25; 57:14-58:16; 58:19-60:1; 60:7-19; 60:22; 60:24-65:24; 66:5-72:4; 72:8-74:18; 77:2-14.

(b) Clayborn Howell

Plaintiff understands that Defendant Howell will be present in person and only intends to use his

deposition as appropriate for impeachment purposes.  Plaintiff will supplement if notified that Defendant Howell will not appear at trial.

(c) Kristine Crawford

Plaintiff understands that Defendant Crawford will be present in person and only intends to use her deposition as appropriate for impeachment purposes.  Plaintiff will supplement if notified that Defendant Crawford will not appear at trial.

(d) Francisco Lopez-Resende

Plaintiff understands that Defendant Lopez-Resende will be present in person and only intends to use his deposition as appropriate for impeachment purposes.  Plaintiff will supplement if notified that Defendant Lopez-Resende will not appear at trial.

(e)      Todd Fasulo: 5:5-190:7 (exclusive of objections)

(f)      Dennis Flynn: 4:10-33:2

(g)      Michael Game 4:13-30:10

(h)      Charles Hank: 4:16-116:7

(j)      Chance McClish: 4:10-14:22

(l)      Mark Reddon:  4:11-24:19

(m)      Michael Yu: 4:10-36:21


**(2)  Defendant will offer the following depositions (except for impeachment purposes):**

(a) Michael Game:  pp. 12:4-25 – 25:1-4

(b) Michael Bland:   pp. 8:24-25 – 27:1-19, 34:23-25 – 38:1-15

(c) Evans:  pp. 16:20-25 – 22:1-2

(d) Charles Hank:    pp. 10:15-25 – 14:1; 51:13-25 – 54:1-12; 55:23-25 – 58:1; 80:9-25 – 90:1-22

(e) Todd Fasulo:  pp. 29:20-25 – 32:1-4; 52:19-25 – 60:1-11; 99:12-25 -- 107:1; 151:12-25 – 152:1-11; 190:14-25 – 191:1-9


**(e) Objections to depositions:**

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**(1) Defendant objects to plaintiff's depositions as follows:**

Defendants object to the use of depositions for witnesses who testify during the trial, except for impeachment purposes.

**(2) Plaintiff object to defendant's depositions as follows:**

Plaintiff objects to the use of depositions for witnesses who testify during the trial, except for impeachment purposes.

**VIII.**

**The following witnesses may be called by the parties at trial:**

**(a)    Plaintiff's witnesses:**

(a) Michele Santopietro
c/o Kelly Dove
Snell & Wilmer
3883 Howard Hughes Pkwy.
Ste. 1100
Las Vegas, NV 89169

(b) Officer Clayborn Howell

c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

(c) Officer Kristine Crawford[2]
c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

(d) Francisco Lopez-Resende
Retired.
c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

[2] Plaintiff anticipates that Defendants will be present in person and only intends to use the depositions as appropriate for impeachment purposes or due to unavailability.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

(e) Michael Bland

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702) 332-8557

(f) Donald Evans

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (253) 358-3576

(g) Todd Fasulo

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: 702-770-7000

(h) Dennis Flynn

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 324-4423

(i) Michael Game

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702) 648-9809

(j) Charles Hank

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: 702-523-3228

(k) Chance McClish

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 493-7677

(l) Lea Patrick

c/o Kelly Dove
Snell & Wilmer
3883 Howard Hughes Pkwy.
Ste. 1100
Las Vegas, NV 89169

(m) Mark Reddon

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702)658-5114

(n) Michael Yu

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 321-3612

(o) Person Most Knowledgeable – Las Vegas Metropolitan Police Department

c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

(p) Any witnesses listed by Defendants

**(b)    Defendants' witnesses**

(a) Michele Santopietro
c/o Snell & Wilmer, LLP
3883 Howard Hughes Pkwy.
Ste. 1100
Las Vegas, NV 89169

(b) Mark Reddon

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702)658-5114

(c) Michael Game

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702) 648-9809

(d) Michael Bland

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (702) 332-8557

(e) Donald Evans

Retired.
Home Address confidential (NRS 289.025).
Last Known Phone: (253) 358-3576

(f) Officer Francisco Lopez-Rosende

Retired.
c/o Nick Crosby

Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

(g) Officer Clayborn Howell

c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

(h) Chance McClish

Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 493-7677

(i)  Michael Yu
Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 321-3612

(j)  Dennis Flynn
Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: (702) 324-4423

(k) Steve Junge

[None provided]

(l)    Charles Hank
Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: 702-523-3228

(m) Todd Fasulo
Retired.
Home Address confidential (NRS 289.025)
Last Known Phone: 702-770-7000

(n) Lea Patrick
c/o Snell & Wilmer
3883 Howard Hughes Pkwy.
Ste. 1100
Las Vegas, NV 89169

(o)    Officer Kristine Crawford
c/o Nick Crosby
Marquis Aurbach Coffing
10001 Park Run Drive

Las Vegas, NV 89145

(p)   Any witness named by Plaintiff

## IX.

The attorneys or parties have met and jointly offer these three trial dates:

Weeks of:

September 3

September 23

November 18[3]

December 9

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.

It is estimated that the trial will take a total of five days.

DATED:  May 20, 2024.

APPROVED AS TO FORM AND CONTENT:     APPROVED AS TO FORM AND CONTENT:

SNELL & WILMER L.L.P.                MARQUIS AURBACH

s/ *Kelly H. Dove*_____     _s/._____
Kelly H. Dove, Esq.                 Nick D. Crosby, Esq.
Nevada Bar No. 10569                Nevada Bar No. 8996
3883 Howard Hughes Parkway, Suite 1100     10001 Park Run Drive
Las Vegas, Nevada  89169            Las Vegas, NV 89145
Telephone (702) 784-5200            Telephone (702) 382-0711
Facsimile (702) 784-5252            Facsimile (702) 382-5816
                                    Email:  ncrosby@maclaw.com

*Attorneys for Plaintiff*

                                    *Attorney for Defendants*

## XI.

## ACTION BY THE COURT

---

[3] Defendants' counsel is on a five-week stack for a potential trial in state court that could interfere with this date.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

This case is set for jury trial on the stacked calendar on **September 23, 2024, at 9:00 a.m.** Calendar call will be held on **September 18, 2024, at 1:30 p.m..**

DATED:   May 28, 2024.

UNITED STATES DISTRICT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 20, 2024, I electronically transmitted the foregoing **JOINT PRETRIAL ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel being registered to receive Electronic Filing.

*/s/ Kelly H. Dove*

An employee of Snell & Wilmer L.L.P.

4893-2191-4299.1