1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6                                       * * *

7    MICHELE SANTOPIETRO,                     Case No. 2:12-cv-01648-RFB-EJY

8              Plaintiff,                      **ORDER**

9         v.

10   C. HOWELL, *et al.*,

11             Defendants.

12

13          Before the Court is Defendants' Motion to Enforce Settlement (ECF No. 152). For the

14   following reasons, the Court grants the motion.

15   **I.       BACKGROUND**

16          This is an action brought by a street performer, Plaintiff Michele Santopietro, who alleged

17   she was unlawfully arrested for conducting business with another performer without a license on

18   the Las Vegas Strip, in violation of her First Amendment rights. Plaintiff and her friend, both

19   dressed in "sexy cop" costumes, posed with pedestrians on the Strip and accepted tips in exchange

20   for photos. Defendant police officers Clayborn Howell, Kristine Crawford, and Francisco Lopez-

21   Rosende, working a plain-clothes Strip enforcement assignment, arrested Plaintiff and her friend

22   for doing business without a license after the officers were asked to pay a tip or delete a photo.

23          On September 19, 2012, Plaintiff sued Defendant Officers Howell, Crawford, and Lopez-

24   Rosende asserting eleven federal and state causes of action. See ECF No. 1. She filed an Amended

25   Complaint on September 25, 2012, and a Second Amended Complaint on May 29, 2013. See ECF

26   Nos. 8, 29. Defendant Crawford and Plaintiff both filed Motions for Summary Judgment on

27   December 9. See ECF Nos. 44, 45. These were briefed by February 6, 2014. See ECF Nos. 49, 50,

28   52, 54. On June 16, 2014, Judge Mahan entered an Order denying the Plaintiff's motion for partial

1    summary judgment and granting the Defendant's motion for summary judgment. See ECF No. 55.

2    On July 14, 2014, Plaintiff appealed. See ECF No. 59.

3        On May 24, 2017, the Ninth Circuit reversed Judge Mahan's Order. See ECF No. 69. The

4    panel remanded the case for a jury determination of disputed factual issues and for the Court's

5    determination of whether the licensing requirement under Clark County Code § 6.56.030 is a valid

6    time, place, or manner restriction as applied to the facts as determined. See id.

7        On April 2, 2019, the Parties were ordered to file a joint pretrial order. See ECF No. 70.

8    On April 12, 2019, Plaintiff filed a motion to vacate Judge Mahan's Order. See ECF Nos. 71, 73.

9    This was granted. See ECF No. 74. On July 18, 2023, a panel of the Ninth Circuit filed an order

10   denying a petition for panel rehearing, denying a petition for rehearing en banc, and amending the

11   opinion filed on May 24, 2017. See ECF No. 75. It took effect on October 13, 2023. See ECF No.

12   76.

13       On October 18, 2023, Judge Mahan entered an Order ordering the Parties to file a joint

14   status report or joint pretrial order. See ECF No. 77. Plaintiff filed a proposed joint pretrial order,

15   which was granted on May 28, 2024. See ECF Nos. 95, 96, 97. On August 5, Judge Mahan ordered

16   the Parties to either email that they are ready for trial or file a stipulation to continue. See ECF No.

17   101. Plaintiff filed a stipulation to continue on August 16, 2024, which was granted. See ECF Nos.

18   103, 104. On September 4, 2024, a settlement conference was conducted before Magistrate Judge

19   Youchah where no settlement was reached. See ECF No. 108. The case was reassigned to this

20   Court on October 4. See ECF No. 109.

21       A status conference was set for October 31. See ECF No. 111, 113. During this conference,

22   the Parties informed the Court that they were ready to proceed to trial. The Court ordered the

23   parties to file briefing considering how the Court should address the question of whether § 6.56.030

24   is a valid time, place or manner restriction, given the Amended Order from the Ninth Circuit. See

25   ECF No. 114. Defendants filed this brief on November 12. See ECF No. 115. On November 15,

26   Plaintiff filed an unopposed motion to continue the trial and the deadline to file their brief. See

27   ECF No. 125. During the December 4 status conference, the Court reset the trial for April 7th.

28   ECF No. 127. Plaintiffs filed a responsive brief on the time, place, or manner restriction issue. See

1   ECF No. 128. The Court held a Calendar Call on March 7, 2025, and the trial was set to commence

2   on April 7, 2025. See ECF No. 142.

3         On Friday, April 4, 2025, at 7:04 p.m., Plaintiff's counsel, Kelly Dove, sent a text message

4   to the Courtroom Administrator of this Court, stating that the Parties had reached a settlement.

5   Defendants' counsel, Nicholas Crosby, sent a text message confirming Ms. Dove's statement. The

6   Courtroom Administrator confirmed receipt of these messages.

7         The following morning, April 5, 2025, at 11:08 a.m., the Courtroom Administrator asked

8   the Parties to file a notice of settlement. At 12:21 p.m., Ms. Dove sent a responsive text message,

9   stating they are awaiting client authorization to file the notice of settlement. Following further

10  communication between the Parties, at 2:05 p.m., Ms. Dove sent a text message to the Courtroom

11  Administrator asking for an emergency call with the Court. At approximately, 2:15 p.m., Plaintiff's

12  counsel filed a status report with the Court. See ECF No. 143. The status report provided that

13  counsel communicated to each other their respective clients' agreement to settle this case on

14  specified terms and reported that settlement to the Court. Following further communication

15  between the Parties, at approximately 2:30 p.m., Plaintiff's counsel filed a notice of corrected

16  image, revising the status report to note that the Parties had not agreed to reset the trial date. See

17  ECF No. 144.

18        At 3:16 p.m., the Court held a status conference with Plaintiff's counsel and Defendants'

19  counsel. See ECF No. 145. The Court made preliminary remarks for the record, outlining the

20  previous communication from counsel that the matter had settled. The Court vacated the trial date

21  and reset the matter for a status conference.

22        On April 20, the Court held the Status Conference. Plaintiff failed to appear as ordered by

23  the Court. The Court provided a timeline for the filing of Plaintiff's Counsel's Motion to Withdraw

24  and Defendants' Motion to Enforce the Settlement in order to provide time for Plaintiff to secure

25  new counsel, which she did not.

26        On April 11, Plaintiff filed a Motion to Withdraw. See ECF No. 146. On April 15,

27  Defendants filed a Notice of Non-Opposition to the Motion. See ECF No. 149. On May 6, the

28  Court granted Plaintiff's motion. See ECF No. 151. On June 6, Defendants filed the instant Motion

1  to Enforce. See ECF No. 152. Plaintiff did not respond.

2      The Court's Order follows.

3  **II.      LEGAL STANDARD**

4      Courts possess inherent authority to enforce settlement agreements in pending cases. See

5  In re City Equities Anaheim, Ltd., 22 F.3d 954, 957–58 (9th Cir. 2021). The construction and

6  enforcement of settlement agreements are governed by state law. See Jones v. McDaniel, 717 F.3d

7  1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds,

8  and consideration to constitute an enforceable contract. See May v. Anderson, 119 P.3d 1254,

9  1257 (Nev. 2005).

10  **III.      DISCUSSION**

11      The Court finds that the Parties formed a valid and enforceable contract. In Nevada, a

12  settlement agreement is subject to the principles of contract law. See May, 119 P.3d at 1257; Jeff

13  D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989) (finding that settlement agreements are private

14  contracts, and enforceable as such). "Basic contract principles require, for an enforceable contract,

15  an offer and acceptance, meeting of the minds, and consideration." May, 119 P.3d at 1257

16  (citations omitted). "A meeting of the minds exists when the parties have agreed upon the

17  contract's essential terms." Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 255 (Nev.

18  2012) (citations omitted).

19      Here, there was offer and acceptance (Plaintiff's counsel offered to settle all claims for

20  $200,000 and Defendant's counsel accepted), a meeting of the minds (mutual agreement evinced

21  by the plain language of the text messages sent to the Court), and consideration (the $200,000).

22  See May, 119 P.3d at 1257. Therefore, the Court finds that the Parties entered into a valid and

23  enforceable contract for the resolution of Plaintiff's claims.

24      Further, "it is well-established that an oral agreement is binding on the parties, particularly

25  when the terms are memorialized into the record." Doi v. Halekulani Corp., 276 F.3d 1131, 1138

26  (9th Cir. 2002). "An agreement on the record becomes binding even if a party has a change of

27  heart after she agreed to its terms but before the terms are reduced to writing." Id. at 1138. Here,

28  the Parties' respective counsel both communicated that they had reached a settlement to the

Courtroom Administrator and Plaintiff's counsel confirmed that a settlement had been reached in a filed Status Report. Both Parties' counsel, again, confirmed that the Parties had reached a settlement in an emergency hearing held before the Court and during a later status conference before the Court. Therefore, the parties clearly communicated that a settlement had been reached.

Additionally, it is immaterial that the agreement was never finalized. The Nevada Supreme Court has held that "[a] contract can be formed . . . when the parties have agreed to the material terms, even though the contract's exact language is not finalized." May, 119 P.3d at 1257. Thus, "a party's refusal to later execute a release document after agreeing upon the release's essential terms does not render the settlement agreement invalid." Id. at 1256. "Which terms are essential [i.e., material] 'depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute [that] arises and the remedy sought.'" Certified Fire Prot. Inc., 283 P.3d at 255 (citations omitted). Here, Plaintiff's counsel agreed to the essential and material terms of the agreement. Plaintiff offered $200,000 in exchange for resolving her claims. Thus, Plaintiff agreed to the amount of the settlement and resolution of the claim, the two essential elements of the settlement agreement. Therefore, the fact that the agreement was not finalized does not render the agreement invalid.

Finally, Plaintiff failed to respond to Defendants' motion and has offered no legal or factual basis as to why the Court should not enforce the settlement. Plaintiff has failed to carry her burden of showing that the contract is invalid. See Callen v. Penn. R. Co., 332 U.S. 625, 630 (1948).

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendants' Motion to Enforce Settlement (ECF No. 152) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are provided leave to file a motion for attorney fees and costs incurred in seeking to enforce the settlement agreement.

**DATED:** October 6, 2025.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**